IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL R. SHEMONSKY, | : | Civil No. 04cv2759 |
| Plaintiff | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| THOMAS I. VANASKIE, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

June 21, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Stay ("the Motion") (doc. 14) filed by Plaintiff Michael R. Shemonsky ("Plaintiff" or "Shemonsky") on June 14, 2005. For the reasons that follow, the Motion will be denied.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On or about November 19, 2002, Plaintiff filed a complaint naming as defendants Thomas I. Vanaskie, Chief Judge of the United States District Court for the Middle District of Pennsylvania, and the Third Circuit Judicial Conference (collectively "Defendants") in the Court of Common Pleas of Monroe County, Pennsylvania. On December 17, 2004, Defendants filed a Notice of Removal in the above-captioned matter to this Court. (See Rec. Doc. 1).

On January 19, 2005, this Court granted Defendants' Motion for an

1

Enlargement of Time in which to file a motion to dismiss in this case.  (See Rec.

Doc. 3).  On January 21, 2005, Defendants filed a Motion to Dismiss, as well as a

supporting brief.  (See Rec. Docs. 5-6).  Plaintiff appealed our January 19, 2005

Order to the Third Circuit Court of Appeals, which issued an order on May 17,

2005 dismissing Plaintiff's appeal for lack of appellate jurisdiction.  (See Rec.

Doc. 13).

On June 14, 2005, Shemonsky filed the instant Motion.

**DISCUSSION:**

In his Motion, Shemonsky merely states that he requests we stay the above-

captioned case as he will be filing a writ of mandamus with the Third Circuit.  (See

Rec. Doc. 14).

In the Third Circuit's afore-mentioned May 17, 2005 order, the Third Circuit

stated, "To the extent that Shemonsky requests in his motions to compel that we

order the District Court to act on petitions for leave to file or process notices of

appeal, the motions are denied without prejudice to his filing a proper mandamus

petition in accordance with Fed. R. App. P. 21."  See id. at 2.

Federal Rule of Appellate Procedure 21 allows a party to file a writ of

mandamus with the clerk of the court of appeals.  Fed.R.App.P. 21(a)(1).  Federal

Rule 21 provides, in pertinent part, as follows:

(1) A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court.  The party must also provide a copy to the trial-court judge.
(2)(A) The petition must be titled 'In re [name of petitioner].'
(B) The petition must state:
   (i) the relief sought;
   (ii) the issues presented;
   (iii) the facts necessary to understand the issue presented by the petition; and
   (iv) the reasons why the writ should issue.

Fed.R.App.P. 21(a)(1)-(2)(B).

Shemonsky's Motion to Stay the above-captioned case consists of one sentence and Shemonksy fails to cite any rules or cases in support thereof. Moreover, Federal Rule 21, which addresses writs of mandamus does not address staying an action in the district court when a writ of mandamus is filed with the circuit court of appeals.  Accordingly, Plaintiff's Motion to Stay is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   Plaintiff's Motion to Stay (doc. 14) is DENIED.

2.   Plaintiff shall have fifteen (15) days from the date of this Order to file a brief in opposition to Defendants' pending Motion to Dismiss (doc. 5).

3.   Defendants may file a reply brief within ten (10) days after receiving Plaintiff's submission, in accordance with the local

rules.

4.     If Plaintiff does not file a brief in opposition to Defendants'

Motion to Dismiss within fifteen (15) days from the date of this

Order, the Court shall rule on the Motion to Dismiss.


s/ John E. Jones III
John E. Jones III
United States District Judge