IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL R. SHEMONSKY, | : | Civil No. 04cv2759 |
| | : | |
| Plaintiff | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| THOMAS I. VANASKIE, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

August 16, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) ("the Motion") (doc. 5) filed by Defendants Thomas I. Vanaskie and The Third Circuit Judicial Council on January 21, 2005.

For the reasons that follow, the Motion will be granted.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On or about November 19, 2004, Plaintiff Michael R. Shemonsky ("Plaintiff" or "Shemonsky") filed a complaint naming as defendants Thomas I. Vanaskie, Chief Judge of the United States District Court for the Middle District of Pennsylvania, and the Third Circuit Judicial Conference (collectively

1

"Defendants") in the Court of Common Pleas of Monroe County, Pennsylvania.[1]

On December 17, 2004, Defendants filed a Notice of Removal in the above-

captioned matter to this Court.  (See Rec. Doc. 1).

Plaintiff has appealed two orders in this case to the Third Circuit Court of

Appeals.  First, Plaintiff appealed our January 19, 2005 Order granting

Defendants' Motion for an Extension of Time in which to file a motion to dismiss,

which appeal was dismissed by the Third Circuit for lack of appellate jurisdiction.

(See Rec. Doc. 13).  Most recently, Plaintiff appealed our June 21, 2005 Order that

provided the following: the denial of Plaintiff's request that we stay the case as he

will be filing a writ of mandamus with the Third Circuit Court of Appeals; a fifteen

(15) day period for Plaintiff to file a brief in opposition to the pending Motion to

Dismiss; and a ten (10) day period in which Defendants may file a reply brief after

receipt of Plaintiff's submission.  (See Rec. Doc. 15).  On August 10, 2005, the

Third Circuit dismissed this appeal as a result of Plaintiff's failure to timely

prosecute.  (See Rec. Doc. 22).

The resolution of the referenced appeals has returned jurisdiction to us, and

accordingly we will now dispose of Defendants' fully ripe Motion, which was filed

---

[1] We note that in our June 21, 2005 Order, we stated that Plaintiff's complaint in the
above-captioned matter was filed on or about November 19, *2002*; however, as reflected above,
the pertinent date on which Plaintiff filed his complaint is on or about November 19, *2004*.  (See
Rec. Doc. 15) (emphasis added).

on January 21, 2005.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION:**

In the Motion, Defendants submit that the instant complaint is one in a series of actions and appeals brought by Plaintiff in the Middle District of Pennsylvania, the Eastern District of Pennsylvania, the Court of Claims, the Third Circuit Court of Appeals, and the Federal Circuit Court of Appeals.  (Defs.' Br. Supp. Mot. Dismiss at 1).  The factual circumstances underlying this case date back to a

January 16, 2003 Memorandum and Order written by our colleague Chief Judge

Vanaskie which directed Plaintiff to show cause within thirty (30) days why he

should not be enjoined from filing additional actions or papers in this Court

pertaining to issues previously resolved by this Court or any other Court

concerning Plaintiff's claims with regard to Atlantic Financial or his 1994 arrest.

(Defs.' Br. Supp. Mot. Dismiss, Ex. 1; In re: Michael R. Shemonsky, 03-mc-0008

(M.D. Pa. Jan. 16, 2003)).  In this aforementioned Order, Judge Vanaskie

explained that Plaintiff's August 9, 2002 action was Plaintiff's tenth such action

filed in this Court over the past thirteen years.  On February 18, 2003, Judge

Vanaskie ordered Plaintiff barred from making any further filings in this Court

pertaining to issues previously resolved by this or any other Court regarding his

claims dealing with Atlantic Financial or his 1994 arrest without leave of this

Court.  Id. at Ex. 2; In re: Michael R. Shemonsky, 03-mc-0008 (M.D. Pa. Feb. 18,

2003).

    In the case sub judice, Plaintiff alleges that Judge Vanaskie violated his

constitutional rights by enjoining him "from making any further filings in this

Court pertaining to issues previously resolved by this or any other Court

concerning Shemonsky's claim dealing with Atlantic Financial or his 1994 arrest

without leave of this Court."  Plaintiff further asserts that the Third Circuit Judicial

Council is liable for Judge Vanaski's action under the doctrine of *respondeat superior*. Moreover, among other allegations, Plaintiff states that Atlantic Financial was illegally stolen by the United States Government on January 11, 1990. As relief, Plaintiff seeks $203,000,000,000.00 in damages from Defendants.

In the Motion, Defendants first argue that the complaint against Judge Vanaskie is barred by judicial immunity and secondly assert that the doctrine of sovereign immunity bars Plaintiff's action as against the Third Circuit Judicial Conference. In response, Plaintiff's "brief in opposition" to the Motion consists of the following four numbered paragraphs:

> I.  I appealed the fraudulent order of the Third Circuit Court of Appeals to the Congress of the United States per the Eleventh Amendment to the Constitution.
>
> II.  Judge John E. Jones III is an illegal appointment by a illegitimate president (<u>Bush v. Gore</u>)
>
> III.  The U.S. Attorney never filed a motion for leave
>
> IV.  I never had Due Process on the motion for enlargement of time.

Pl.'s Br. Opp. Mot. Dismiss, Rec. Doc. 16.

We will now address Defendants' arguments in turn.

## A.   Absolute Judicial Immunity

As Defendants submit, few doctrines are more solidly established at

5

common law than the absolute immunity of judges from suit for acts performed in their judicial capacity.  Cleavinger v. Saxner, 474 U.S. 193 (1985).  The Supreme Court has instructed that such immunity is clearly "essential to protect the integrity of the judicial process," and recognizes that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without fear that they will be subjected to burdensome and vexatious litigation.  Id. at 200; Bradley v. Fisher, 80 U.S. 335, 349-50 (1872)(held that a federal judge could not be held liable for damages resulting from judicial acts taken within the jurisdiction of the court.)  "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); see also Bradley, 80 U.S. at 347.

The Supreme Court has set forth the prerequisites for, and the breadth of, judicial immunity.  A judge's immunity from civil suit is overcome in only two sets of circumstances.  "First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11-12 (1991); see also Stump v. Sparkman, 435 U.S. 349, 360 (1978).

6

We must therefore conduct a two-part inquiry to determine whether judicial immunity is applicable to Defendant Judge Vanaskie.  We will discuss each part of the judicial immunity inquiry in turn.

First, a judge is not immune from liability for nonjudicial actions, actions that are not taken in the judge's judicial capacity.  Mireles, 502 U.S. at 11; see Gallas, 211 F.3d at 768-89.  Factors which determine whether an act is a "judicial act" "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Stump, 435 U.S. at 362.  These factors are broadly construed in favor of immunity and in some situations immunity is to be afforded even though one or more of these factors is not met.  Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993).  In determining whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge, rather than rigidly scrutinize only the particular act in question.  Mireles, 502 U.S. at 13; see also Stump, 435 U.S. at 362.  The Third Circuit Court of Appeals has explained that "[i]n sum, our analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision."  Gallas, 211 F.3d at 769; see also Mireles, 502 U.S. at 13 ("The relevant inquiry is the 'nature' and

'function' of the act, not the 'act itself.'  In other words, we look to the particular

act's relation to a general function normally performed by a judge[.]")(citation

omitted).

As Defendants submit, Plaintiff instituted a civil action in the Middle

District of Pennsylvania, 3:03-mc-0008, which was assigned to Judge Vanaskie.

As we previously explained, Judge Vanaskie dismissed the claim and enjoined

Plaintiff from filing further similar actions.  As Judge Vanaskie stated in the Order

to Show Cause, the All Writs Act, 28 U.S.C. § 1651(a), empowers district courts

"to issue injunctions restricting the filing of meritless pleadings by litigants where

the pleadings are repetitive and frivolous."  (Defs.' Br. Supp. Mot. Dismiss, Ex. 1,

at 4; In re: Michael R. Shemonsky, 03-mc-0008 (M.D. Pa. Jan. 16, 2003)).

Moreover, in accordance with Brow v. Farrelly, 994 F.2d 1027 (3d Cir. 1993),

Judge Vanaskie afforded Plaintiff the due process to which he was entitled by

granting him an opportunity to show cause as to why the injunctive relief should

not issue, and Plaintiff failed to do so.  Instead, Plaintiff inundated the Court with

mass submissions "aimed at overturning previous (and final) court rulings

regarding Atlantic Financial."  (Defs.' Br. Supp. Mot. Dismiss, Ex. 2, at 1; In re:

Michael R. Shemonsky, 03-mc-0008 (M.D. Pa. Feb. 18, 2003)).

Regarding judicial acts, our analysis must focus upon the general nature of

8

the challenged action, without inquiry into such "specifics" as the judge's motive or the correctness of his decision. <u>Gallas</u>, 211 F.3d at 769; <u>see also</u> <u>Mireles</u>, 502 U.S. at 13 ("The relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"). Dispute resolution is the touchstone for judicial immunity. <u>See</u> <u>Barrett v. Harrington</u>, 130 F.3d 246, 255 (6th Cir. 1997)(<u>citing</u> <u>Antoine v. Evers & Anderson, Inc.</u>, 508 U.S. 429, 435-36 (1993)). Defendants accurately submit that the entry of orders by a court in the course of litigation is a function normally performed by a judge and thus a judicial act. In addition, Plaintiff does not allege that Judge Vanaskie acted in the clear absence of jurisdiction in issuing the injunction against Plaintiff.

Accordingly, with both criteria discussed previously satisfied, Judge Vanaskie is entitled to absolute immunity and the complaint in the case <u>sub judice</u> against him must be dismissed.

## B. Sovereign Immunity Doctrine

In the Motion, Defendants argue that the doctrine of sovereign immunity bars Plaintiff's action against the Third Circuit Judicial Conference, the second and final named defendant in the above-captioned action. (Defs.' Br. Supp. Mot. Dismiss at 4).

The Supreme Court has instructed that the United States, its agencies, and its

9

officers are protected against suit by sovereign immunity.  <u>Dugan v. Rank</u>, 372

U.S. 609 (1963); <u>Clinton County Comm'rs v. U.S. E.P.A.</u>, 116 F.3d 1018, 1021

(3d Cir. 1997); <u>Antol v. Perry</u>, 82 F.3d 1291 (3d Cir. 1996).  Defendants accurately

point out that Congress and Congress alone has the authority to determine whether

and under what circumstances to waive the sovereign immunity of the United

States.  <u>United States v. Testan</u>, 424 U.S. 392 (1976).  In addition, the judicial

councils of the various circuit courts are established and governed by 28 U.S.C. §

332, which contains no express waiver of the judicial councils' sovereign

immunity.  As Congress has not authorized suits against the Third Circuit Judicial

Conference, Plaintiff's action against it must be dismissed.

Defendants' Motion to Dismiss Plaintiff's complaint is therefore granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants' Motion to Dismiss (doc. 5) is GRANTED.

2.      Plaintiff's complaint is dismissed with prejudice.

3.      The Clerk shall close the file on this case.


s/ John E. Jones III
John E. Jones III
United States District Judge